IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRANDON D. BRADLEY, SR.,

    Plaintiff,

v.

LEIGHA WEBER., et al.

    Defendants.

ORDER

Case No. 20-cv-48-jdp

---

BRANDON D. BRADLEY, SR.,

    Plaintiff,

v.

DANE CO. SHERIFF'S DEPT.,

    Defendant.

ORDER

Case No. 20-cv-49-jdp

---

BRANDON D. BRADLEY, SR.,

    Plaintiff,

v.

DANE CO. SHERIFF'S DEPT, et al.

    Defendants.

ORDER

Case No. 20-cv-50-jdp

---

BRANDON D. BRADLEY, SR.,

    Plaintiff,

v.

DAVID MAHONEY, et al.

    Defendants.

ORDER

Case No. 20-cv-51-jdp

---

On January 21, 2020, I entered an order assessing plaintiff an initial partial payment of $0.16 due by February 12, 2020, in each of the above cases. On January 24, 2020, plaintiff

submitted a declaration of indigency and request to waive the $0.16 initial partial payment in each of the above cases. Using information plaintiff's declaration and re-evaluating the relevant time period from plaintiff's trust fund account statement, it appears that plaintiff presently has no means with which to pay the filing fee or to make an initial partial payment. Under these circumstances, the court will grant plaintiff's motion for leave to proceed without prepayment of the filing fee, but will not assess an initial partial filing fee for each of the above cases. Even if this court ultimately determines that plaintiff's complaint cannot go forward, plaintiff is advised that the full $350 filing fee for each of the above cases remains plaintiff's obligation. *See* 28 U.S.C. § 1915(b)(2).

Because plaintiff is a prisoner, plaintiff is subject to the Prison Litigation Reform Act, which requires the court to screen the complaint in each of the above cases to determine whether any portion is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.

ORDER

IT IS ORDERED that,

1. The motion filed by plaintiff **Brandon D. Bradley, Sr.** for leave to proceed without prepayment of the filing fee in each of the above cases is GRANTED.

2. No further action will be taken in these cases until the court has screened the complaint as required by the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2). Once the screening process is complete, a separate order will issue.

Entered this 28th day of January, 2020.

BY THE COURT:

/s/
PETER OPPENEER
Magistrate Judge