IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRANDON D. BRADLEY, SR., also known as
BRITTNEY BRADLEY,

                        Plaintiff,

v.

LEIGHA WEBER, SEAN PRICE,
MARIA GAMBARO, SUSAN NOVAK,
LUCAS WEBER, HEATHER FRANK,
and FIONA GIBBONS,

                        Defendants.[1]

OPINION and ORDER

20-cv-48-jdp

---

      Pro se plaintiff Brandon D. Bradley, Sr., also known as Brittney Bradley, is a transgender woman incarcerated at Columbia Correctional Institution (CCI). She contends that CCI officials refused to classify her as a transgender inmate, forced her to room with a cellmate who subsequently sexually assaulted her, and gave her inadequate medical treatment after she was assaulted. I screened her complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, giving her leave to proceed on claims against defendants under the Eighth Amendment to the United States Constitution and directing defendants to respond to her request for injunctive relief. Dkt. 22. Bradley has subsequently filed several proposed alterations to her complaint along with many other motions, all of which I will address in this order.

---

[1] I have updated the caption to reflect defendants' names as stated in their answer, Dkt. 44.

ANALYSIS

**A. Motions to amend and supplement the complaint**

Since I screened Bradley's original complaint, Bradley has submitted three proposed amended complaints. Dkt. 25; Dkt. 49; Dkt. 53. She has also asked to file a supplemental pleading. Dkt. 42. I understand Bradley to intend her most recent proposed amended complaint to replace her initial complaint and her earlier proposed amended complaints in full. Bradley filed her most recent proposed amended complaint and her proposed supplemental pleading more than 21 days after defendants answered her initial complaint, so these modifications require either consent of defendants or leave from the court. Fed R. Civ. P. 15(a)(2).

There are multiple problems with Bradley's proposed modifications to her complaint under the Federal Rules of Civil Procedure, so I will deny her motions to amend and supplement her complaint. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (court may deny leave to amend if proposed amendment would be futile). The first problem is that her proposed modifications describe issues far beyond the scope of the claims on which I gave her leave to proceed, such as allegations that she is receiving food with foil in it, Dkt. 42, at 2, or that she did not receive adequate medical care after prison food made her ill, Dkt. 54, at 8–9. As I have explained to Bradley in other cases, the Federal Rules of Civil Procedure do not allow a plaintiff to bring unrelated claims against different plaintiffs. A plaintiff may join multiple defendants in a single lawsuit only if (1) she raises claims against all defendants that arise from the same transaction, occurrence, or series of transactions or occurrences; and (2) at least one question of law or fact will arise in the action that is common to all defendants. Fed. R. Civ. P. 20(a)(2).

After these requirements are met, the plaintiff may then add further claims against any defendants who have been properly joined in this way. Fed. R. Civ. P. 18.

The second problem is the frequency of Bradley's proposed amendments. This lawsuit cannot move forward if Bradley repeatedly amends her complaint to add new allegations and new claims. Bradley's complaint cannot be a moving target, constantly changing throughout her lawsuit. Defendants and the court need to know precisely what her allegations and claims are.

So I will deny all of Bradley's motions to modify her complaint. I will also give her a short time in which she may file a single, complete amended complaint that complies with the Federal Rules of Civil Procedure. In screening her initial complaint, I gave Bradley leave to proceed on claims that related to CCI officials' treatment of her as a transgender prisoner—refusing to classify her as transgender under DAI policy, requiring her to have a cellmate, and ignoring her medical needs after she was assaulted by her cellmate. If Bradley wishes to file a new amended complaint, she should include only allegations and claims that relate to her treatment as a transgender prisoner. If she wishes to bring claims based on allegations that are unrelated to this treatment, she must do so in separate lawsuits.

This will be Bradley's final chance to bring together all of her allegations regarding her treatment as a transgender prisoner and put them into a single complaint. After this deadline, I will not allow Bradley to amend her complaint unless she explains why she was unable to include the new allegations or claims in her earlier complaint—for example, if she needs to include new allegations based on information learned through discovery or if she needs to address a deficiency in her complaint identified by me or by defendants. *See Foman*, 371 U.S. at 182 (undue delay is grounds to deny leave to amend complaint).

**B. Motions for preliminary injunctive relief**

Bradley has filed several motions for preliminary injunctive relief. In screening Bradley's complaint, I directed defendants to respond to her first request for a preliminary injunction. In that motion, she asked me to order that she be transferred to the Wisconsin Resource Center. Dkt. 4. A preliminary injunction gives a party temporary relief during a pending lawsuit. *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). It is "a very far-reaching power" that I should use only if "a case clearly demand[s] it." *Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 389 (7th Cir. 1984) (quoting *Warner Bros. Pictures, Inc. v. Gittone*, 110 F.2d 292, 293 (3rd Cir. 1940) (per curiam)).

Bradley says that a transfer is necessary because she is at risk of further physical and sexual assault at CCI. But she has not shown that she would suffer irreparable harm if she remains at CCI, which is one of the threshold requirements to receive a preliminary injunction, *Planned Parenthood of Ind., Inc. v. Comm'r of Ind. State Dep't of Health*, 699 F.3d 962, 972 (7th Cir. 2012). Defendants submit a declaration from defendant Lucas Weber, CCI's deputy warden, who says that since August 13, 2019, Bradley has been held under either disciplinary separation or administrative confinement, because of her extensive record of verbal abuse and threats directed toward CCI staff. Dkt. 32, ¶¶ 12–33. Weber says that although inmates may be recommended for release from administrative confinement and are entitled to periodic review of their placement status, he believes that Bradley will not be able to return to CCI's general population unless there is a "significant positive change" in her behavior. *Id.*, ¶ 35.

The only assaults that Bradley has described in her filings are the assaults she says that her former cellmate committed against her during her earlier incarceration at CCI, when she says that she was forced to have a cellmate. I take judicial notice that disciplinary separation

4

and administrative confinement are both confinement statuses in which a prisoner is segregated from other inmates. *See* Wis. Admin. Code Ch. DOC 303.02(12), 308.04(1). Bradley has not shown that she is likely to be released from disciplinary separation or administrative confinement in the near future, so she has not shown that she is in imminent danger of being assaulted by other inmates. Accordingly, I will deny her motion.

Bradley has filed two additional motions requesting a transfer to another institution. In the first, she also asks for an injunction barring defendants from retaliating against her and for an undefined restraining order against all defendants as well as a fellow inmate and several other individuals who I presume are also CCI inmates. Dkt. 23. In the second, she also asks me to enjoin defendants from destroying or altering her documents and from rejecting her inmate complaints. Dkt. 45. I cannot grant injunctive relief against individuals who are not parties in this lawsuit, such as other inmates. *See* Fed. R. Civ. P. 65(a), (b). And, Bradley has not shown that she is in imminent danger of assault for the same reasons described above. Bradley has not alleged that defendants have destroyed or altered her documents, so there is no ground for injunctive relief against such behavior. Finally, Bradley's requests for relief regarding retaliation and rejection of her inmate complaints are unrelated to the claims on which I granted her leave to proceed in my screening order. So I will also deny these motions.

Bradley asks me to order defendants to give her access to a pen instead of a rubber pencil and to give her time each week in CCI's law library. Dkt. 24. Prisoners have a constitutional right of "meaningful access to the courts" to pursue postconviction remedies and to challenge their conditions of confinement. *Lehn v. Holmes*, 364 F.3d 862, 865 (7th Cir. 2004). But Bradley has not raised such a claim in this lawsuit, nor would it be related to the claims on which I have given her leave to proceed, so she cannot request such injunctive relief.

5

Bradley's lack of access to a pen has not prevented her from filing numerous cases and motions in the last few months. Whether to provide a pen, rather than some other writing implement, involves security concerns that I generally leave to the institution. I will deny this motion.

Bradley has also filed a motion and an amended motion for preliminary injunctive relief regarding CCI's compliance with the Prison Rape Elimination Act (PREA). Dkt. 29; Dkt. 41. I understand Bradley to intend that her amended motion should replace her first motion, so that is the motion that I will consider. In that motion, she asks me to order an audit of CCI under the PREA. But ordering a PREA audit of CCI is beyond the scope of this case, so I will deny this motion as well.

Finally, Bradley has filed what she calls a motion for an update on her request for a preliminary injunction. Dkt. 43. Because I have addressed her motions for preliminary injunctive relief, I will deny this motion as moot.

**C. Motion for joinder**

Bradley asks to join this case with three of her other cases pending in this court. Dkt. 18. But two of those cases, Case Nos. 20-cv-49 and 20-cv-50, concern Bradley's incarceration in the Dane County jail, not CCI. And the third case, Case No. 20-cv-51, concerns Bradley's allegations that she was prohibited from being present during a resentencing hearing. The allegations in these cases are unrelated to the allegations that Bradley makes in this case. Joining this case with any of Bradley's other cases would violate Rule 20's requirements for joinder, so I will deny her motion.

**D. Motion for sanction**

Bradley asks me to sanction defendants for engaging in unnecessary delay, filing frivolous documents, increasing the cost of litigation, and altering or fabricating evidence.

6

Dkt. 46. But she did not serve this motion on defendants and give them a chance to respond before filing it, *see* Dkt. 50, at 2, which is required before filing a motion for sanctions, Fed. R. Civ. P. 11(c)(2). And even if she had served the motion as required by Rule 11, I would not grant it, because Bradley's motion includes only vague, unsupported allegations about defendants' conduct. I will deny this motion.

### E. Exhaustion motion

Bradley has filed what she calls a dispositive motion for failure to exhaust. Dkt. 55. This appears to be in response to the deadline for such motions that Magistrate Judge Stephen Crocker set during the parties' pretrial conference. The Prison Litigation Reform Act requires prisoners to exhaust their administrative remedies before suing prison officials under federal law. But the burden is not on Bradley to demonstrate that she exhausted her claims; rather, the burden is on defendants to prove that she did not. *Jones v. Bock*, 549 U.S. 199, 211–12 (2007). So I will deny Bradley's motion as moot. Bradley will not need to address exhaustion unless defendants raise the issue before the deadline for filing such a motion. If they do, Bradley will have the opportunity to respond at that time.

### ORDER

IT IS ORDERED that:

1. Plaintiff Bradley's motions for leave to file amended complaints, Dkt. 25; Dkt. 49; Dkt. 53; and her motion for leave to file a supplemental complaint, Dkt. 42, are DENIED.

2. Bradley may have until June 16, 2020, to file a proposed amended complaint. If she files a motion to amend or supplement her complaint after this date, the motion will be denied unless she shows good cause for why she could not have amended or supplemented her complaint at an earlier time.

3. Bradley's motions for preliminary injunctive relief, Dkt. 4; Dkt. 23; Dkt. 24; Dkt. 29; Dkt. 41; Dkt. 45; are DENIED.

4. Bradley's motion for an update on her preliminary injunction, Dkt. 43, is DENIED.

5. Bradley's motion for joinder, Dkt. 18, is DENIED.

6. Bradley's motion for sanctions, Dkt. 46, is DENIED.

7. Bradley's motion regarding exhaustion, Dkt. 55, is DENIED.

Entered June 2, 2020.

                        BY THE COURT:

                        /s/

                        _____
                        JAMES D. PETERSON
                        District Judge