IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRANDON D. BRADLEY, SR., also known as BRITTNEY BRADLEY,

Plaintiff,

v.

LEIGHA WEBER, SEAN PRICE, SUSAN NOVAK, LUCAS WEBER, and LINDA ALSUM-O'DONOVAN,

Defendants.[1]

OPINION and ORDER

20-cv-48-jdp

---

Pro se plaintiff Brandon D. Bradley, Sr., also known as Brittney Bradley, is a transgender woman incarcerated at Columbia Correctional Institution (CCI). She says that CCI officials refused to classify her as transgender and forced her to share cells with cellmates, one of whom sexually assaulted her. I gave her leave to proceed on failure-to-protect claims under the Eighth Amendment to the United States Constitution and on a failure-to-train claim under Wisconsin negligence law. Dkt. 63.

Two motions are before the court. Defendants move to dismiss Bradley's negligence claim against defendant Leigha Weber, contending that Bradley failed to comply with Wisconsin's notice-of-claim statute. Dkt. 64. They also move for partial summary judgment, contending that Bradley didn't exhaust her Eighth Amendment claims against defendants Susan Novak and Linda Alsum-O'Donovan. Dkt. 65. I will grant the first motion because

---

[1] I have updated defendant Linda Alsum-O'Donovan's name based on the spelling in defendants' briefs, Dkt. 66 and Dkt. 79. I will refer to defendants Leigha Weber and Lucas Weber by their full names throughout this opinion to avoid confusion.

Bradley didn't comply with the notice-of-claim statute. But I'll deny the second motion because Bradley exhausted her claims against Novak and Alsum-O'Donovan.

BACKGROUND

I gave Bradley leave to proceed on three sets of claims. Dkt. 63. First, Bradley contends that defendants Sean Price and Lucas Weber violated her Eighth Amendment rights by requiring her to share a cell with Orion Gutowski despite knowing that Bradley was transgender and that she had requested a single cell because she feared sexual and physical assault. *See* Dkt. 22, at 2, 5. She says that Gutowski sexually assaulted her while they were cellmates.

Second, Bradley contends that her Eighth Amendment rights were violated when one of her inmate complaints was improperly rejected. She had previously filed an inmate complaint under the Prison Rape Elimination Act (PREA) based on her allegations that Gutowski had sexually assaulted her. She says that although she and Gutowski were ultimately separated, she was required to share a cell with a different cellmate. *See* Dkt. 63, at 4–5. She filed a second inmate complaint under PREA about being required to have a cellmate while her first PREA complaint was pending. Bradley says that Alsum-O'Donovan, an inmate complaint examiner, improperly rejected Bradley's second PREA complaint on the orders of Novak, who was CCI's warden at the time.

Third, Bradley contends that Leigha Weber, the Department of Corrections' PREA Coordinator, negligently failed to train CCI staff to properly care for transgender inmates. *See id.* at 13–14.

ANALYSIS

**A. Motion to dismiss the claim against Weber**

Defendants move to dismiss Bradley's negligence claim against Leigha Weber for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), contending that Bradley didn't comply with Wisconsin's notice-of-claim statute, Wis. Stat. § 893.82. That statute requires a claimant bringing a civil action against a state employee to serve written notice of the claim on Wisconsin's attorney general within 120 days of the event giving rise to the action. Wis. Stat. § 893.82(3). A claimant who is a prisoner may not commence a civil action against a state employee "until the attorney general denies the claim or until 120 days after the written notice . . . is served upon the attorney general, whichever is earlier." Wis. Stat. § 893.82(3m).

The statute is jurisdictional and requires strict compliance. *Riccitelli v. Broekhuizen*, 595 N.W.2d 392, 399, 227 Wis. 2d 100 (1999). So if Bradley did not comply precisely with the statute's requirements, this court lacks the power to hear her claim. *Ibrahim v. Samore*, 348 N.W.2d 554, 558, 118 Wis. 2d 720 (1984). Because Bradley is the party invoking this court's jurisdiction, she bears the burden of showing that she complied with the statute. *See United Phosphorous, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003) ("The burden of proof on a 12(b)(1) issue is on the party asserting jurisdiction."), *overruled on other grounds by Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012). In deciding a motion to dismiss for lack of jurisdiction, the court is not bound to accept the allegations in the complaint, but may consider the parties' evidence on jurisdiction. *Bastien v. AT&T Wireless Servs., Inc.*, 205 F.3d 983, 990 (7th Cir. 2000).

In their initial brief, defendants erroneously said that Bradley's negligence claim was against Novak rather than Leigha Weber. *See* Dkt. 66. They submitted a supporting declaration from Gwen McGillivray, a paralegal with the Wisconsin Department of Justice, who said that "Bradley has served no notices of claim concerning Warden Novak's alleged failure to train staff how to deal with transgender inmates." Dkt. 68, ¶ 3. They correct the error in their reply brief, which they support with a declaration from McGillivray stating that "Bradley has served no notices of claim concerning anyone's alleged failure to train staff how to deal with transgender inmates," Dkt. 80, ¶ 4. After defendants filed their reply brief, Bradley filed a document she titled a "supplemental opposition" to defendants' motions, Dkt. 84, supported by a supplemental declaration, Dkt. 90. I will construe Bradley's supplemental opposition as a motion to file a surreply brief and a supporting declaration. I will grant the motion to give Bradley the opportunity to respond to the proper question: whether she complied with the notice-of-claim statute regarding her claim against Leigha Weber.

Bradley says that she "properly filed" a notice of claim within the 120-day limit. Dkt. 74, at 2. She attaches a receipt to her surreply showing that she sent a letter by certified mail to the attorney general on July 25, 2019. Dkt. 84-4. But she does not provide a copy of what she mailed or describe it in any way other than to say it was a "Notice of Claims in 20-c[v]-48," Dkt. 84, at 2. So all she has shown is that she mailed something to the attorney general; she has not shown that she sent a notice of claim, much less that she strictly complied with the statute's requirements. Bradley also attaches to her response brief what she says is a new notice of claim, which she purports to serve on defendants by filing it in this court. Dkt. 74, at 4. But § 893.82 requires the notice to be served on the attorney general, not on

defendants, and requires the notice to be served before filing a lawsuit, not after. So Bradley's new notice does not help her.

Bradley has not met her burden of showing that she strictly complied with § 893.82, so I will grant defendants' motion to dismiss the claim against Weber.

### B. Motion for partial summary judgment on the claims against Alsum-O'Donovan and Novak

Defendants contend that summary judgment is warranted on Bradley's Eighth Amendment claims against Alsum-O'Donovan and Novak because Bradley didn't exhaust those claims. The Prison Litigation Reform Act (PLRA) requires inmates to exhaust administrative remedies established by state law before filing a lawsuit regarding prison conditions based on federal law. 42 U.S.C. § 1997e(a); *Lanaghan v. Koch*, 902 F.3d 683, 687 (7th Cir. 2018). Defendants argue that Bradley failed to exhaust her claims against Alsum-O'Donovan and Novak because she didn't file any complaints regarding Alsum-O'Donovan's denial of her PREA complaint at Novak's orders.[2]

The PLRA's exhaustion requirement does not require an inmate complaint to name all defendants or identify all of the inmate's future legal claims. *Jones v. Bock*, 549 U.S. 199, 218–19 (2007). Under applicable Wisconsin regulations, an inmate's complaint need only "provide[] notice to the prison of 'the nature of the wrong for which redress is sought.'" *Schillinger v. Kiley*, 954 F.3d 990, 995 (7th Cir. 2020) (quoting *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)).

---

[2] Defendants also contend that Bradley failed to satisfy state-law exhaustion requirements for her Wisconsin-law negligence claim against Leigha Weber. But I'm dismissing that claim because Bradley failed to comply with Wisconsin's notice-of-claim statute, so I do not need to consider whether that claim has been exhausted. This part of defendants' motion for partial summary judgment is denied as moot.

Bradley's inmate complaint history report shows that she filed an inmate complaint on March 20, 2019, in which she alleged that she was "stripped of policy 500.70.27," the Division of Adult Institutions policy governing transgender inmates, which "result[ed] in [an] issue with [her] cellie." Dkt. 67-1, at 3. The case file of the PREA investigation into Bradley's allegations of sexual assault includes the full text of her inmate complaint, in which she said, "Since being transferred from WCI to CCI I have been stripped of policy 500.70.27 and my accommodations. My accommodations include single cell . . . When I lost my single cell that opened the door for abuse or rape which has occurred with my new cellie." Dkt. 67-3, at 1.

Defendants concede that Bradley has exhausted her Eighth Amendment claims that Price and Lucas Weber failed to protect her by requiring her to share her cell with a cellmate despite knowing that she is transgender. Her claims against Alsum-O'Donovan and Novak are based on the same alleged wrong. She says that because Alsum-O'Donovan improperly rejected her subsequent grievance at Novak's orders regarding Bradley's entitlement to a single cell, she was again required to share a cell with a cellmate, again putting her at risk of sexual assault. Bradley was not required to file a second grievance about the rejection of her complaint to exhaust her claims against Alsum-O'Donovan and Novak. *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013) ("In order to exhaust their remedies, prisoners need not file multiple, successive grievances raising the same issue . . . if the objectionable condition is continuing."); *see also Smith v. Butler*, No. 17-cv-189-MJR-SCW, 2018 WL 1055712, at *5 (S.D. Ill. Feb. 5, 2018) (inmate not required to file separate grievance to bring claim against warden who reviewed previous grievance because "the underlying issues for which he claims she did nothing about have themselves been exhausted").

I conclude that Bradley has properly exhausted her claims against Alsum-O'Donovan and Novak, so I will deny defendants' motion for partial summary judgment.

ORDER

IT IS ORDERED that:

1. The motion of plaintiff Brandon D. Bradley Sr., also known as Brittney Bradley, to file a surreply brief and supporting declaration, Dkt. 84 and Dkt. 90, is GRANTED.

2. Defendants' motion to dismiss Bradley's Wisconsin-law negligence claim against defendant Leigha Weber, Dkt. 64, is GRANTED. Leigha Weber is DISMISSED from this case.

3. Defendants' motion for partial summary judgment, Dkt. 65, is DENIED.

Entered November 16, 2020.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge